# United States District Court
# Central District of California

| | |
|---|---|
| SUTRA BEAUTY, INC, a California corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CARLOS SANTINO SANCHEZ DURAN, an individual, A/K/A CARLOS SANTINO, A/K/A GENOVEVA BAFFANO, A/K/A ANGIE BUFFANO, D/B/A ANGEL BEAUTY SUPPLY; and DOES 1–20, inclusive,<br><br>　　　　　　　Defendants. | Case No. 2:18-cv-03768-ODW(SSx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT [21]** |

## I.　INTRODUCTION

Plaintiff Sutra Beauty, Inc. moves for default judgment against Defendant Carlos Santino Sanchez Duran. (ECF No. 21.) For the reasons discussed below, the Court **DENIES** Plaintiff's Motion for Entry of Default Judgment.[1]

## II.　FACTUAL BACKGROUND

Sutra Beauty ("Sutra") is a manufacturer and distributor of beauty products. (Compl. ¶ 7, ECF No. 1.) On or about January 25, 2018, Sutra entered into a license

---

[1] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

| | |
|---|---|
| 1 | agreement with Carlos Santino Sanchez Duran ("Duran") allowing him to sell Sutra's |
| 2 | products at his place of business. (*Id.* ¶ 8; *id.* Ex. A ¶ 1.1.) The agreement strictly |
| 3 | prohibits resale of Sutra's products online. (*Id.* ¶ 9; *id.* Ex. A, ¶ 1.2.) The license |
| 4 | agreement also includes a liquidated damages clause granting Sutra $100,000 in the |
| 5 | event of a breach by Duran. (*Id.* ¶ 18; *id.* Ex. A ¶ 4.1.) On or about April 16, 2018, |
| 6 | Sutra discovered that Duran was selling its products online, through Amazon.com, |
| 7 | Squareup.com, and Facebook.com. (*Id.* ¶ 11.) |
| 8 | On May 4, 2018, Sutra sued Duran for (1) breach of contract, (2) unjust |
| 9 | enrichment, (3) statutory and common law unfair competition and business practices, |
| 10 | (4) negligent interference with an economic relation, and (5) fraudulent |
| 11 | misrepresentation. (*See id.* ¶¶ 16–46.) Sutra requested various monetary and injunctive |
| 12 | relief, including liquidated damages of $100,000 and attorney's fees and costs. (*Id.* at |
| 13 | p. 8.) Duran did not respond to the Complaint, and the Clerk entered default on June |
| 14 | 15, 2018, upon Sutra's request. (ECF No. 17.) Sutra now seeks default judgment |
| 15 | against Duran, $100,000 in liquidated damages, and $6,060 in attorney's fees and costs. |
| 16 | (Mot. for Default J. ("Mot."), ECF No. 21.) |
| 17 | For the reasons discussed below, the Court **DENIES** Sutra's Motion. |

### III. LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 55(b) authorizes a district court to grant a default judgment after the Clerk enters default under Rule 55(a). Fed. R. Civ. P. 55(b). Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in FRCP 54(c) and 55, as well as Local Rules 55-1 and 55-2. Fed. R. Civ. P. 54(c), 55; C.D. Cal. L.R. 55-1, 55-2. Local Rule 55-1 requires that the movant submit a declaration establishing: (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service member; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. § 3931,

does not apply; and that (5) the defaulting party was properly served with notice, if required under Rule 55(b)(2). C.D. Cal. L.R. 55-1.

If these procedural requirements are satisfied, a district court has discretion to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "[A] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal 2002). In exercising discretion, a court must consider several factors (the "*Eitel* Factors"): (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy underlying the FRCP favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Generally, upon entry of default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

## IV. DISCUSSION

Although Sutra has complied with the relevant procedural requirements, the *Eitel* factors do not favor entry of default judgment. Further, even were default judgment appropriate, the amount of liquidated damages Sutra seeks is disproportionate, unreasonable, and unsupported by the record.

**A. Procedural Requirements**

Sutra has complied with the relevant procedural requirements for the entry of default judgment against Duran by submitting a declaration which states: (1) the Clerk entered default against Duran; (2) the default was entered on the original Complaint filed on May 4, 2018; (3) Duran is not an infant or incompetent person; (4) Duran is not covered under the Servicemembers Civil Relief Act; and (5) although Duran has failed

to appear, Stelmach declares that Sutra "is serving" Duran with the Motion for Entry of Default Judgment. (Mot. 4–5; Decl. of Rea Stelmach ("Stelmach Decl.") ¶¶ 3, 4, 5, 16.) Therefore, Sutra has satisfied the requirements of FRCP 54(c) and 55, as well as Local Rule 55-1.

**B.    *Eitel* Factors**

As a preliminary matter, Sutra asserts five causes of action against Defendant, but its moving papers fail to specify on which cause(s) of action it seeks default judgment. (*See* Compl. ¶¶ 16–46; Mot. 5–7.) Sutra's arguments address only its breach of contract allegations and Sutra seeks only liquidated damages associated with that claim. (*See generally* Mot.) Accordingly, the Court limits its analysis to the merits of Sutra's breach of contract claim.

*1. Possibility of Prejudice to Plaintiff*

The first *Eitel* factor asks whether the plaintiff will suffer prejudice if a default judgment is not entered. *Eitel*, 782 F.2d at 1471. Denial of default leads to prejudice when it leaves a plaintiff without a remedy or recourse for recovery of compensation. *Landstar Ranger, Inc. v. Parth Enter., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010); *PepsiCo*, 238 F. Supp. 2d at 1177. Duran has failed to appear or participate in this action. Absent entry of default judgment, Sutra is without recourse to recover on Duran's breach of the license agreement. However, Sutra asserts only vaguely that it sustained damages "by [Duran's] breach of the Agreements," and that it "will suffer damages," but fails to otherwise articulate harm. (Mot. 5; Compl. ¶ 17 (alleging Duran's violation of the agreement "did harm to [Sutra] and their relations to other vendors and others.").) Thus, this factor only slightly favors entry of default judgment.

*2. Substantive Merits & 3. Sufficiency of the Complaint*

The second and third *Eitel* factors "require that a plaintiff state a claim on which the [plaintiff] may recover." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) (alteration in original) (quoting *PepsiCo*, 238 F. Supp. 2d at 1175). A breach of contract action in California requires a plaintiff to establish:

"(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).[2]

Sutra has alleged sufficient facts to establish each of the requisite elements for a breach of contract claim. First, Sutra alleged the existence of a contract, the license agreement. (Compl. ¶ 8.) Second, although Sutra did not specifically allege its performance under the licensing agreement, it alleged facts indicating that it provided Duran with beauty products for sale at his place of business in accordance with the license agreement's terms. (*Id.* ¶ 11; Stelmach Decl., Ex. A.) Third, Sutra alleged that Duran breached the license agreement by selling Sutra's products online. (Compl. ¶ 11.) Finally, Sutra alleged resulting damages, although only vaguely, by alleging Duran's "violation did harm to [Sutra] and their relations to other vendors and others." (*Id.* ¶ 17.) Accepting as true the well-pleaded factual allegations in the complaint, Sutra has stated a bare claim for breach of contract. Thus, these factors slightly favor entry of default judgment.

### 4. Amount at Stake

The fourth Eitel factor balances the amount of money at stake with the "seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176; *Eitel*, 782 F.2d at 1471. The amount at stake must be proportionate to the harm alleged. *Landstar*, 725 F. Supp. 2d at 921. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of defendant's action." *Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007).

---

[2] The licensing agreement between the parties contains a choice of law clause electing California law to govern the agreement. (*See* Compl., Ex. A § 5.) As such, California law governs the breach of contract claim. Further, a federal court exercising diversity jurisdiction applies the substantive law of the state in which it sits. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). (*See* Compl. ¶ 4 (alleging diversity jurisdiction under 28 U.S.C. § 1332).)

The damages sought here are disproportionate to the harm alleged. Sutra seeks $100,000 in liquidated damages. (Mot. 9.) This sum is unreasonable in relation to the value of the products involved.[3] (*See* Stelmach Decl., Ex. A (reflecting sales order product prices ranging from $1.00–$25.50.) Further, Sutra's allegations of harm are vague at best. (*See e.g.*, Compl. ¶ 17; Mot. 5.) Sutra fails to indicate the amount of products sold online in violation of the license agreement or the amount of actual damages it suffered. Consequently, this factor weighs heavily against entry of default judgment.

### 5. *Possibility of Dispute*

The fifth *Eitel* factor considers the possibility that material facts are in dispute. *PepsiCo*, 238 F. Supp. 2d at 1177. Because the allegations in Sutra's Complaint are presumed true, Duran's failure to appear in this action results in a finding that "no factual disputes exist that would preclude entry of default judgment." *Vogel*, 992 F. Supp. 2d at 1013. Accordingly, this factor favors entry of default judgment.

### 6. *Possibility of Excusable Neglect*

The sixth *Eitel* factor considers the possibility that a defendant's default is the result of excusable neglect. *PepsiCo,* 238 F. Supp. 2d at 1177. No facts before the Court indicate that Duran's default is due to excusable neglect. Sutra served its Complaint on Duran on May 21, 2018, and filed a Proof of Service on June 11, 2018. (Proof of Service, ECF No. 14.) Sutra also mailed its Motion for Default Judgment to Duran via First Class Mail on July 24, 2018. (*See* Mot. Proof of Service, ECF No. 21-3.) Duran thus had notice and failed to respond. Because nothing indicates the possibility of excusable neglect, this factor favors entry of default judgment.

### 7. *Policy Favoring Decisions on the Merits*

"[D]efault judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Pena v.*

---

[3] The licensing agreement limits the liquidated damages provision to damages relating to the retail and resale price of the products. (See Compl. Ex. A § 4.3.)

*Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir.1985)). However, where the defendant fails to answer the plaintiff's complaint, "a decision on the merits [is] impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177. Because Duran failed to appear or otherwise respond, a determination on the merits is impossible. Accordingly, this factor does not preclude entry of default judgment.

Weighed together, the *Eitel* factors do not support entry of default judgment. As such, the Court denies Sutra's Motion for Default Judgment.[4] (ECF No. 21.)

## C. Damages

Sutra seeks $100,000 in liquidated damages, as well as $5,600 in attorney's fees and $460 in costs. (Mot. 9.) Even were default judgment appropriate, the liquidated damages Sutra seeks are disproportionate, unreasonable, and unsupported by the record.

A liquidated damages provision is considered valid unless "the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances existing at the time the contract was made." Cal. Civ. Code § 1671(b). Liquidated damages are improper where they "[bear] no reasonable relationship to the range of actual damages that the parties could have anticipated would flow from a breach." *Ridgley v. Topa Thrift & Loan Ass'n*, 17 Cal. 4th 970, 977 (1998). Where liquidated damages are disproportionate to the anticipated actual damages, they are considered an impermissible penalty. *Id.* The question of whether a liquidated damages clause is enforceable, or an unenforceable penalty, is a question of law for the Court. *See Dollar Tree Stores Inc., v. Toyama Partners LLC*, 875 F. Supp. 2d 1058, 1071 (N.D. Cal. 2012) (citing *Harbor Island Holdings v. Kim*, 107 Cal. App. 4th 790, 794 (2003)).

Sutra's sole argument in support of the $100,000 liquidated damages provision's reasonableness is that Duran failed to prove it unreasonable. (*See* Mot. 7–9.) However,

---

[4] Sutra brought five causes of action against Duran in its Complaint, but its Motion for Default Judgment seeks relief on only its breach of contract claim. "[T]he court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Even were default judgment appropriate, the Court cannot determine on this record that there is no just reason for delay.

in contrast to the $100,000 sought, the products Sutra sold to Duran under the licensing agreement are valued between $1.00 and $25.50 each. (Stelmach Decl., Ex. A (reflecting sales order pricing for products sold to Duran).) The total cost of product in the sales order Sutra submitted is $785.[5] (*Id.*) Sutra submitted no other evidence supporting the value of the licensing agreement or anticipated actual damages. Thus, while Sutra seeks $100,000 in liquidated damages, the actual amount involved appears to be less than one percent of that. Such a gross disparity indicates that the liquidated damages provision operates as a penalty and is unenforceable. *See Dollar Tree Stores*, 875 F. Supp. 2d at 1073 (finding unenforceable a liquidated damages provision that "bears no rational relationship to the actual damages.")

Because the liquidated damages provision is disproportionate and bears no reasonable relationship to anticipated actual damages, the Court denies Sutra's request for $100,000 liquidated damages.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Sutra's Motion for Entry of Default Judgment without prejudice. (ECF No. 21.) Consequently, the Court **DENIES** Sutra's request for liquidated damages, attorneys' fees, and costs. To the extent Sutra desires to reapply for default judgment, it must file its motion no later than November 16, 2018. Failure to do so will result in the Clerk of the Court closing the case.

**IT IS SO ORDERED.**

October 15, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[5] Notably, Sutra does not allege that Duran did not pay for these products. (*See* Compl.)

8